IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILLY KEATING,

        Petitioner,

    v.

MARION FEATHER,

        Respondent.

Case No. 3:14-cv-00306-ST

FINDINGS AND RECOMMENDATION

Thomas J. Hester, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

S. Amanda Marshall
United States Attorney
Natalie Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the refusal by the Bureau of Prisons ("BOP") to extend the early release benefit of the Residential Drug and Alcohol Program ("RDAP") to him.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On September 30, 2008, petitioner was convicted of possessing an unregistered firearm and of being a felon in possession of a firearm.  As a result, the Honorable Ann Aiken sentenced petitioner to 108 months in prison and recommended that he be offered drug treatment pursuant to 18 U.S.C. § 3621, a statute which provides an early release incentive to prisoners who successfully complete RDAP and otherwise qualify for early release. 18 U.S.C. § 3621(e)(2)(B).

In November 2008, petitioner was incarcerated at FCI-Lompoc. He filled out a form during intake screening on which he indicated his interest in participating in RDAP.  Petition Exhibit 6.

On December 31, 2008, petitioner was listed by the BOP as waiting for a drug education program that was a prerequisite for RDAP participation.  Between January 21 and 28, 2009, plaintiff completed that program.  Declaration of Jennifer Vickers, Att. 2, p. 9.

2 - FINDINGS AND RECOMMENDATION

In 2008, the Ninth Circuit invalidated the rules governing RDAP for procedural reasons. *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). On January 14, 2009, the BOP published revised rules which effectively mimicked the earlier rules. Relevant to this action, the rules provide that, as "an exercise of the Director's discretion," inmates with a current felony conviction involving "the carrying, possession, or use of a firearm" are not eligible for early release under RDAP. 28 C.F.R. § 550.55(b)(5)(ii). The January 14, 2009 rules are applicable to all prisoners who applied to RDAP after March 16, 2009. 74 Fed. Reg. 1892-01 (Jan. 14, 2009).

Petitioner did not submit his formal request to participate in RDAP until June 20, 2013. *Id* at Att. 1, p. 1. One week later, the BOP made a preliminary determination that he would meet RDAP's eligibility requirements. On July 15, 2013, after petitioner was approved for participation in RDAP, the BOP's Designation and Sentence Computation Center ("DSCC") explored his eligibility for the early release benefit of RDAP available under 18 U.S.C. § 3621(e)(2)(B). The DSCC determined that both of petitioner's current offenses rendered him ineligible for early release under RDAP because they both: (1) involved the possession of a firearm; and (2) by their nature or conduct, presented a serious potential risk of physical force against the person or property of another. *Id* at Att. 2, pp. 14-15; 28 C.F.R. § 550.55(b)(5). It further

3 - FINDINGS AND RECOMMENDATION

determined that *Arrington* did not apply to him since he requested to participated in the RDAP after May 16, 2009. The BOP denied petitioner's administrative appeals finding that there was no evidence that he requested placement in RDAP prior to March 16, 2009. Declaration of Jennifer Vickers, Att. 3.

On July 18, 2013, petitioner began participating in RDAP. He was still enrolled in that program when he filed this § 2241 habeas corpus case challenging the BOP's decision to exclude him from RDAP's early release incentive. He alleges that he is entitled to early release upon successful completion of RDAP because he demonstrated interest in the program prior to March 16, 2009, and in light of *Arrington*, cannot be refused RDAP's early release benefit.

## **FINDINGS**

This court lacks jurisdiction to revisit the BOP's individualized determinations pertaining to RDAP placements under 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Petitioner contends, however, that the BOP's early release eligibility determination in his case was not predicated upon an individualized determination, but rather constituted a categorical exclusion that is subject to federal habeas review.

4 - FINDINGS AND RECOMMENDATION

Petitioner claims that the BOP made a factual error in determining his application date for participation in RDAP and that he demonstrated his interest in the program several times prior to March 16, 2009. However, the BOP's determination as to the date petitioner applied for RDAP is an individualized determination based upon the specific facts of his case.  It is not a categorical exclusion, as petitioner contends, but an exercise of discretion by the BOP.  As a result, whether or not the BOP has a mistaken view of the facts, its decision is not subject to habeas corpus review. *See Reeb, supra*.

 Although petitioner also pleads due process and equal protection claims, these claims do not entitle him to relief. There is no protected liberty interest in RDAP participation or in its early release benefit irrespective of petitioner's current enrollment in RDAP.  *Peck v. Thomas*, 697 F.3d 767, 774 (9th Cir. 2012); *Reeb v. Thomas*, 636 F.3d 1224, 1228, n. 4.  (9th Cir. 2011);. In addition, petitioner has not described how he is being treated differently than similarly situated inmates.   *See McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999).  For these reasons, relief on the Petition should be denied.

## **RECOMMENDATION**

 For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be denied, and a judgment should be entered dismissing this case with prejudice.

 5 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 30, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 12th day of May, 2014.

                        S/   Janice M. Stewart
                             Janice M. Stewart
                             United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION