IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BILLY KEATING**,

    Petitioner,

v.

**MARION FEATHER**,

    Respondent.

Case No. 3:14-cv-00306-ST

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation in this case on May 12, 2014. Dkt. 11. Judge Stewart recommended that the Court deny the Petition for Writ of Habeas Corpus filed by Petitioner Billy Keating ("Petitioner"), Dkt. 1, and enter a judgment dismissing this case with prejudice.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Petitioner timely filed an objection. Dkt. 13. Petitioner argues that the decision by the Bureau of Prisons ("BOP") that Petitioner is ineligible to participate in the Residential Drug and Alcohol Program ("RDAP") is not an individualized determination and, instead, is subject to judicial review because the BOP's decision is a mixed question of fact and law. The Court has reviewed *de novo* those portions of Judge Stewart's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections. Respondent did not file a response to Petitioner's objections. The Court agrees with Judge Stewart's reasoning that this Court lacks jurisdiction to revisit the BOP's individualized determinations regarding Petitioner's RDAP placement and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendation to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendation if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendation for "clear error on the face of the record."

For those portions of Judge Stewart's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

PAGE 2 – ORDER

The Court **ADOPTS** Judge Stewart's Findings and Recommendation, Dkt. 11. The Court **DENIES** the Petition for Writ of Habeas Corpus, Dkt. 1, and **DISMISSES** the case with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge